IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-001-KDB-DCK

| | |
|---|---|
| CARLY BUCHANAN THORPE, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| ROBERT BOSCH TOOL CORPORATION, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Or, In The Alternative, Motion To Compel Discovery" (Document No. 18). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff Carly Buchanan Thorpe ("Plaintiff" or "Thorpe") initiated this action with the filing of a "Complaint" through counsel in Lincoln County Superior Court on November 24, 2021. See (Document No. 1-1).

In her Complaint, Plaintiff alleges that she was employed by Bosch Automotive Service Solutions Inc.[1] and was on maternity leave from January 2019 to March 2019. Id. at p. 7. Allegedly, "[a]fter Plaintiff's return to work, she requested light duty of no heavy lifting due to a

---

[1] In its "Notice Of Removal," Defendant contends that it was incorrectly named in the Complaint and its proper legal name is Robert Bosch Tool Corporation ("Bosch" or "Defendant"). (Document No. 1, p. 1); see (Document No. 13) (June 15, 2022 Order granting motion to correct case caption).

pregnancy[-]related injury she was suffering from." Id. Bosch "declined Plaintiff's request for light duty and informed her that she could not return to work until she presented documentation that reflected [that] she did not have any medical restrictions." Id. Once Plaintiff returned to work, Defendant apparently "placed Plaintiff [alone] in a position that significantly increased the lifting requirement," despite other employees being allowed "to work in pairs to aid each other in the lifting." Id. Plaintiff further alleges that on account of the increased lifting her work required, her "previous pregnancy-related injury was exacerbated to the point of becoming disabling and caused Plaintiff's attendance to suffer." Id. "Although Defendant was [allegedly] aware of Plaintiff's medical condition, Defendant never offered any accommodation." Id. Plaintiff alleges that she "was denied a reasonable accommodation and ultimately discharged in retaliation for requesting an accommodation." Id. at p. 8.

Plaintiff's Complaint purports to state five claims: (1) for gender discrimination in violation of Title VII, 42 U.S.C. § 2000; (2) for retaliation under Title VII, 42 U.S.C. § 2000; (3) for violation of the Americans with Disabilities Act; (4) for wrongful termination in violation of North Carolina public policy; and (5) for punitive damages under 42 U.S.C. § 2000. Id. at pp. 8-10.

Defendant filed a "Notice Of Removal" in this court on January 5, 2022. (Document No. 1). Defendant then filed its "Answer" (Document No. 1) on January 12, 2022.

On October 3, 2022, Plaintiff's then-counsel, Attorney Eric A. Montgomery, filed a motion for "Withdrawal Of Counsel Plaintiff Carly Buchanan Thorpe" (Document No. 14) in which he sought withdrawal from representation of Plaintiff in the case because since June 2022, he had had "little to no contact" with Plaintiff despite "repeated calls, text messages and emails to Ms. Thorpe to obtain her input into this matter" and to respond to Defendant's discovery requests. (Document

No. 14, p. 2). The Court granted Attorney Montgomery's motion on October 3, 2022, advising Plaintiff that if she wished to retain new counsel, a Notice of Appearance from new counsel would need to be filed "as soon as reasonably practicable." See (Document No. 15). To date, no Notice of Appearance has been filed, and thus, Plaintiff has proceeded *pro se*.

On October 4, 2022, the undersigned granted with modification "Defendant's Motion To Amend Pretrial Order And Case Management Plan" (Document No. 16), extending the discovery and mediation report deadlines on account of Plaintiff's lack of communication with Defendant's counsel regarding its discovery requests or any other matter. See (Document No. 17).

"Defendant's Motion To Dismiss Or, In The Alternative, Motion To Compel Discovery" (Document No. 18) was filed October 7, 2022. On October 24, 2022, the Court issued a Roseboro "Order," advising *pro se* Plaintiff of her "right to respond to Defendant's motion" by November 10, 2022. (Document No. 19). The Court also warned Plaintiff that "[f]ailure to file a timely and persuasive response [would] likely lead to the dismissal of this lawsuit." Id. To date, Plaintiff has not filed any response to the pending motion.

The pending motion is now ripe for review and a recommended disposition to the Honorable Kenneth D. Bell.

## II. STANDARD OF REVIEW

Rule 41 allows for the involuntary dismissal of an action where a plaintiff fails to comply with a court order or fails to prosecute his or her case. Fed.R.Civ.P. 41(b). Specifically, the rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule— except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

3

Fed.R.Civ.P. 41(b).

The Court also has the inherent power to dismiss an action on its own for failure to prosecute. Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). In determining whether to dismiss a case for failure to prosecute, the Court must consider: "(1) the degree of personal responsibility of the plaintiff;" "(2) the amount of prejudice caused the defendant;" "(3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and;" "(4) the existence of sanctions less drastic than dismissal." Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989) (internal quotations and citations omitted). "The enunciated criteria do not represent a rigid balancing test or specific facts that must be found before involuntary dismissal is appropriate. Rather, 'the propriety of a dismissal of the type involved here depends on the particular circumstances of the case.'" Medlin v. Trull, 3:03-CV-269-RJC, 2006 WL 435941, at *1 (W.D.N.C. Feb. 21, 2006) (quoting Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989)).

### III. DISCUSSION

Defendant contends that "[d]espite multiple requests for responses, Plaintiff has yet to correspond with Bosch about such [discovery] responses, nor provide a single response to any of the Interrogatories and Requests for Production, nor advise Bosch when such responses will be forthcoming." (Document No. 18-1, p. 2). Indeed, Defendant represents that "Plaintiff is simply nonresponsive to all communication." Id. Further, Defendant directly addresses the Herbert factors, arguing that they each point to dismissal of this case. Id. at pp. 3-4.

Regarding each of the Herbert factors, the undersigned respectfully agrees with Defendant that they point towards dismissal. Given the fact that Plaintiff's former attorney was permitted to withdraw from further representation of Plaintiff on account of her total lack of communication with him about discovery responses for months and her persistent failure to communicate with

4

Defendant's counsel, Plaintiff clearly bears personal responsibility. See (Document No. 15). Further, there is clearly prejudice to Defendant, as "Bosch has received no information about Plaintiff's claims outside of the complaint, which was filed almost eleven months ago." (Document No. 18-1, p. 5). Defendant therefore cannot prepare a defense absent further information from Plaintiff about the claims. Third, it is clear that the history of this case demonstrates Plaintiff proceeding in a dilatory fashion, as she has not communicated with her former attorney or defense counsel about this case since at least June 2022. See (Document No. 14, p. 2). Moreover, Plaintiff failed to file *any* response to Defendant's instant motion.

Despite the Court's extensions of deadlines, Plaintiff has still failed to timely prosecute this action, or participate at all, and Defendant persuasively asserts that no sanction other than dismissal will be effective. See (Document Nos. 17, 19). Based on the foregoing, the undersigned is convinced that Plaintiff's lack of communication with her former counsel, the Court, or Defendant's counsel indicate that she has abandoned her claims.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Or, In The Alternative, Motion To Compel Discovery" (Document No. 18) be **GRANTED**. The undersigned respectfully recommends that the Court dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service

of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: December 22, 2022

David C. Keesler
United States Magistrate Judge